UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELISA M. BENSON,

                        Plaintiff,

        -against-

DANIEL P. McCOY; JANET L. YELLEN,

                        Defendants.

23-CV-9673 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated her rights. By order dated March 1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Elisa M. Benson, who resides in Virginia Beach, Virginia, brings this action using the court's general complaint form. Named as Defendants are Albany County Executive Daniel P. McCoy and United States Secretary of Treasury Janet L. Yellen. Plaintiff checks the box indicating that the basis for federal court jurisdiction is federal question. (ECF No. 1 at 2.) In response to the question regarding which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes:

> Fifth and Fourteenth amendment – Due process rights
> Separation of Powers
> Human Trafficking 18 USC 1591
> Bills of Attainder – Article 9 C3.1

(*Id.*)[1] She alleges:

> Child Support Agreement is nothing more than a interstate contract and I reject
> the idea that child support is any different[.]
> I have been told on numerous occasions by my child and his father that My son
> wanted no contact with me.
>
> The only connection is biological; there is no familial bond or ties.
>
> To hold me to contractual obligation would be unreasonable. An interpretation
> which makes the contract fair and reasonable will be preferred to one that leads to
> harsh and unreasonable results.
>
> I want to make clear I never willingly entered into a contract with any child
> support agency. The statute for the arrears is in direct violation of my
> constitutional rights.
>
> In regard to my passport and travel, I have a right to be heard before there can be
> any distraint of my property or denial of travel rights.
>
> Sex trafficking and human trafficking thru a wide underground network that hides
> in plain sight in the form of businesses posing as sellers of legitimate products.
> The buying and selling of children and adults for use of sex or drug trafficking
> thru online sellers of auto parts, clothing stores etc.
> Sexual assault thru via trafficking. Peonage
>
> And debt bondage[.]

(*Id.* at 6-7.)[2] In the section of the complaint form that asks Plaintiff to describe her injuries,

Plaintiff writes:

> Sex trafficking and coercion thru a wide underground network of trade hidden in
> plain sight in the form of legitimate businesses. The buying and selling of adults
> and children thru online sellers of auto part – Slavery / Abuse. Numbers and
> postal ID numbers on my child support papers linking to these secret trafficking
> businesses
> Sexual assault via trafficking and peonage. Debt bondage
> I have been denied decent housing, credit and Jobs.
> I have been harassed endlessly by the enforcement agency. Threatened to be
> denied my Freedom to travel and I am currently being threated that if I do not pay

---

[1] The Court quotes from the complaint verbatim. All capitalization, spelling, grammar, and punctuation are as in the original unless otherwise indicated.

[2] Plaintiff repeats verbatim the allegations on page 6 of the complaint again on page 7 of the complaint.

the Arrears in full I will be denied my right as a US citizen to obtain a US
passport and jailed.

(*Id.* at 6.) She brings this action seeking $3.4 billion dollars in damages.

## DISCUSSION

**A.      Claims Under 42 U.S.C. § 1983 and Personal Involvement**

Because Plaintiff alleges that Defendants violated her constitutional rights, the Court

construes Plaintiff's claims as arising under 42 U.S.C. § 1983.[3] To state a claim under

Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of

the United States was violated, and (2) the right was violated by a person acting under the color

of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a claim under Section 1983, a plaintiff must also allege facts showing the

defendants' direct and personal involvement in the alleged constitutional deprivation. *See

Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in

this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A

defendant may not be held liable under Section 1983 solely because that defendant employs or

supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009) ("Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable

under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional

violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

---

[3] Because Defendant Yellen is a federal official, the Court construes the claim against her
as asserted pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
403 U.S. 388 (1971)*,* which also requires personal involvement to the extent a cause of action is
available.

Here, Plaintiff does not allege any facts describing how Defendants were personally involved in the events underlying her claims. Plaintiff does not even reference these two Defendants in the body of the complaint. The Court therefore dismisses Plaintiff's claims against Albany County Executive Daniel P. McCoy and United States Secretary of Treasury Janet L. Yellen for failure to state a claim on which relief may be granted.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.     Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] It is unclear whether Plaintiff, who resides in Virginia Beach, Virginia, is subject to a child support order issued in New York, but should Plaintiff seek to challenge such an order issued in New York, she must follow the post-judgment remedies outlined in Section 52 of the New York Civil Practice Law and Rules (CPLR). For example, when a support collection unit (SCU) issues an execution for enforcement of current support or arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and "shall have an opportunity to make a submission in support of the objection within fifteen days from service of a copy" of the execution. *See* N.Y. C.P.L.R. § 5241(a)(8) & (e). The appropriate agency rules on the objection and "notif[ies] the debtor of its determination within 45 days." N.Y. C.P.L.R. § 5241(e). If the agency may not agree with the debtor's objection, the debtor may file an Article 78 proceeding in state court to have the state court review the agency's determination. *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (2d Dep't 2012) (noting that applicant for relief should commence an Article 78 proceeding after exhausting his remedies before the SCU).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   June 10, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                  Chief United States District Judge